IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ESTATE OF FAYE B. JOHNSON, C/ Kendra Johnson, Executor, | ) ) ) | 8:11CV121 |
| Plaintiff, | ) ) ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| AMERICAN NATIONAL BANK, (Greg Keholm), | ) ) ) | |
| Defendant. | ) | |

  This matter is before the court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (Filing No. 2.) Plaintiff Kendra Johnson has filed her claims individually and as the "executor" of the estate of a deceased individual, Faye B. Johnson. (Filing No. 1.) However, "'[w]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings.'" *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (quoting *Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir. 1997); *see also Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("'[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause.'"). Thus, where a pro se plaintiff is not the sole beneficiary and creditor of an estate, proceeding pro se constitutes the unauthorized practice of law and the matter should not be allowed to proceed without the estate obtaining counsel. *Jones,* 401 F.3d at 952.

  It appears from the face of Plaintiff's Complaint that Faye B. Johnson's estate has creditors that could be affected by the outcome of these proceedings. (*See* Filing No. 1 at CM/ECF p. 6.) As such, this matter cannot proceed without the estate

obtaining counsel. *Jones*, 401 F.3d at 952. On its own motion, the court will permit Plaintiff 30 days in which to obtain counsel on behalf of the estate. In the alternative, Plaintiff may submit an affidavit or other evidence that proves she is the sole beneficiary and creditor of the estate. If Plaintiff fails to file such an affidavit or other evidence in accordance with this Memorandum and Order, or fails to obtain counsel, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff has 30 days in which to either obtain counsel to represent the estate or submit an affidavit or other evidence that proves she is the sole beneficiary and creditor of the estate. Failure to do so will result in this matter being dismissed without further notice and without prejudice for failure to state a claim upon which relief may be granted.

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: May 6, 2011: Check for counsel or affidavit/other evidence.

DATED this 8th day of April, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.